IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG GARRETT MILLER, | No. 2:17-CV-1273-TLN-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| NATIONAL RAILROAD PASSENGER CORP., et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. On August 8, 2017, the court granted plaintiff's application for leave to proceed in forma pauperis and determined that plaintiff's complaint was appropriate for service by the United States Marshal without prepayment of costs therefor. Plaintiff was directed to forward completed service documents to the United States Marshal and to inform the court that he has done so within 20 days of the court's order. Plaintiff was warned that failure to comply could result in dismissal of the entire action. See Local Rule 110. To date, plaintiff has failed to comply or otherwise serve process on defendants.

///

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules. See Ghazali, 46 F.3d at 53.

Here, plaintiff's failure to comply with the court's August 8, 2017, order to provide the documents necessary for service of the complaint thwarts the public's interest in expeditious resolution of the case on the merits as well as the court's interest in managing its docket. The court imposed a less drastic sanction by way of it's warning that non-compliance could result in dismissal.

///
///
///
///
///
///
///
///
///

Based on the foregoing, the undersigned recommends that this action be dismissed without prejudice for failure to comply with court orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 5, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE