IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRAIG GARRETT MILLER,

    Plaintiff,

  vs.

NATIONAL RAILROAD
PASSENGER CORP., et al.,

    Defendants.

No. 2:17-CV-1273-TLN-CMK

FINDINGS AND RECOMMENDATIONS

        Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is defendants' unopposed motion to dismiss (Doc. 12).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

1                                  **I. PLAINTIFF'S ALLEGATIONS**

Plaintiff seeks $8,000,000.00 in damages for injuries sustained from "being struck by a southbound Amtrak train on June 20th, 2015, approx. 2:30 a.m. in front of Weaver Lumber, Redding, California 96001." As to defendant National Railroad Passenger Corp., which operates Amtrak, plaintiff alleges:

> Amtrak frequently exceeds the allowed limits of speed. The train LED headlights were blocked from clear sight due to overgrown vegitation [sic] on the east side of the tracks and a [sic] advertising billboard on the west side of the tracks.

As to defendant Union Pacific Railroad, plaintiff alleges:

> Union Pacific Railroad did not maintain trees and vegitation [sic] overgrowth. Lack of proper signage, no fence in place to prevent pedestrians from crossing over the rail tracks.

**II. STANDARD FOR MOTION TO DISMISS**

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

/ / /

/ / /

/ / /

| | Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

/ / /

/ / /

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

In their unopposed motion to dismiss, defendants argue that the court lacks jurisdiction over the action because it was filed beyond California's two-year statute of limitations for negligence claims. The court agrees.

California's statute of limitations is applicable to this federal personal injury action. See e.g. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions."). Pursuant to California Code of Civil Procedure § 335.1, actions for personal injury allegedly caused by negligence must be brought within two years. The two-year limitations period begins to run on the date the plaintiff knows or has reason to know of the injury which is the basis of the action. See TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996). An action is time-barred even if late by one day. See United States v. Locke, 471 U.S. 84, 101 (1985).

In this case, plaintiff alleges that the injury that is the basis of his action occurred on June 20, 2015. Plaintiff, who is proceeding pro se but is not a prisoner, filed his complaint on June 21, 2017 – one day after expiration of the two-year limitations period. Because the action is time-barred, it should be dismissed.

/ / /

/ / /

/ / /

/ / /

/ / /

### IV. CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' unopposed motion to dismiss (Doc. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 18, 2018

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE